## VAN INGEN *v.* HEROLD.

*(Supreme Court, General Term, Fifth Department. June 23, 1892.)*

1. COMPULSORY REFERENCE—EXAMINATION OF A LONG ACCOUNT.
   A compulsory reference will not be ordered on plaintiff's motion, as in a case requiring the examination of a long account, (Code Civil Proc. § 1013,) where a bill of particulars served by plaintiff gives the items of a long account, and shows that the amount in suit is the balance of such account, but the account is not put in issue by the answer, though the moving affidavit alleges that "the answer sets up facts requiring the examination of the account stated" in the bill of particulars.

2. SAME—AFFIDAVIT.
   Where the affidavit accompanying a motion for a reference is made, not by the moving party, but by his attorney, and no reason therefor is assigned, the motion should be denied.

Appeal from special term, Monroe county.

Action by John A. Van Ingen against Conrad Herold. From an order directing a reference, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Jacob Spahn* and *Ivan Powers,* for appellant. *William Butler Crittenden,* for respondent.

MACOMBER, J. The first cause of action stated in the complaint is for an indebtedness owing by the defendant to the plaintiff in the sum of $1,065.30, for coal sold and delivered. The second cause of action is upon a promissory note in the sum of $500. The third cause of action is upon a promissory note in the sum of $100. The demand for relief covers the amounts claimed to be due and unpaid for the whole of the three causes of action, namely, for the sum of $1,665.30, besides interest. The answer has no denial of any

allegation contained in the complaint, but it sets up the affirmative defense that for all of the causes of action stated in the complaint, and for all indebtedness owing by the defendant to the plaintiff, the defendant turned out to the latter, by way of accord and satisfaction, accounts against sundry persons, amounting to a sum sufficient to pay for the whole of the indebtedness, which accounts were received by the plaintiff upon the agreement, as is alleged, that the same should be in full satisfaction of the indebtedness set forth in the complaint. Nevertheless the defendant made a demand for a bill of particulars of the first cause of action, which was accordingly served, covering 12 pages of printed matter, footing up $22,685.14 in all, thus showing that the amount claimed, namely, $1,065.30, was only a balance of such account remaining unpaid. After the service of such bill of particulars, the plaintiff made a motion for a compulsory reference, and the same was granted, and from the order entered thereon this appeal was taken. We are of the opinion that the order was inadvertently granted. The moving affidavit failed to conform to section 1013 of the Code of Civil Procedure, which provides that a compulsory reference may be had " where the trial will require the examination of a long account on either side," etc. The moving affidavit used at the special term failed to show that the trial would require the examination of a long account. It was silent upon that subject, except that it was alleged that " a bill of particulars has been served on demand of defendant, stating items of a long account alleged in the complaint. In deponent's judgment, no difficult question of law will require to be decided. The answer sets up facts requiring the examination of the account stated therein, and books and documents, and in deponent's opinion it is a case necessary to be referred." Yet it is apparent, from an examination of the pleadings, that the trial will not require the examination of a long account, because that account is not put in issue by the answer. This seems to us to be an insurmountable obstacle to the motion which was made, and upon this ground we think that the order should be reversed. An additional point is made by the counsel for the defendant, that the moving affidavit was not made by the party, but by the attorney, and no reason was assigned for the omission to have the same made by the plaintiff. This point was not raised at the special term, and, had it been, it doubtless would have been regarded as sufficient to defeat the motion upon the papers as then presented. The order appealed from should be reversed.

Order appealed from reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.